# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 16, 2012

No. 11-30885
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JERRY LEE CUTLEY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:10-CR-166-1

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jerry Lee Cutley pleaded guilty to being a felon in possession of a firearm and ammunition. His sentence was enhanced under the Armed Career Criminal Act (ACCA) because the district court determined that he had at least three prior convictions for violent felonies. 18 U.S.C. § 924(e). He received a 180-month prison term. Cutley challenges his sentence, arguing that his prior convictions should not qualify as violent felonies warranting an enhancement

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under the ACCA. The Government moved for summary affirmance, or, in the alternative, for an extension of time to file a brief.

Under the ACCA, a person who has been convicted of possessing a gun as a felon is subject to a 15-year mandatory minimum sentence if he has three prior convictions for violent felonies or serious drug offenses. § 924(e). A violent felony includes certain enumerated crimes, including burglary, as well as any crime that falls under the residual clause of the statute, i.e., one that "involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(ii). We review the legal conclusions underlying the district court's application of the ACCA de novo. *United States v. Hawley*, 516 F.3d 264, 269 (5th Cir. 2008).

Cutley argues that his three prior convictions for simple burglary do not amount to violent felonies. In *Taylor v. United States*, 495 U.S. 575 (1990), the Supreme Court held that the generic definition of burglary for purposes of the ACCA is "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." 495 U.S. at 599. The statute under which Cutley's convictions arose applies to unauthorized entry into not only buildings or structures but also vehicles, watercraft, and cemeteries. LA. REV. STAT. 14:62. Nonetheless, as Cutley concedes, the charging documents and the transcripts of the guilty pleas from these cases, which we may take into account, *Shepard v. United States*, 544 U.S. 13, 17-18, 26 (2005), reveal that he admitted that all three of his burglary convictions involved unauthorized entry into a building or structure with the intent to commit a theft while inside and thus meet the generic definition of burglary. Accordingly, the district court properly determined that these convictions are for violent felonies. Cutley acknowledges that his argument fails under *Taylor,* but wishes to preserve it so that he may urge the Supreme Court to revisit its decision.

Because Cutley's three prior convictions for burglary, an enumerated offense, are sufficient to support the enhancement under the ACCA, we need not

address Cutley's argument with respect to other convictions found by the district court to also support the enhancement under the ACCA.

The judgment of the district court is AFFIRMED. All pending motions are DENIED.